This morning, people Guerfas turf in law glyphs. Yeah. Yeah. Mhm. Yeah. Yes. Mhm. Let. Okay. Yeah. Okay. Please. The court counselor. My name is Lawrence O'Neill from the Office of State Appellate Defender, and I represent Carl Sturtevant in this cause. Mr Sturtevant, who was an inmate at the Pickneyville Correctional Center, was convicted of unlawful possession of contraband in a penal institution and was sentenced to 10 years imprisonment. Mr Sturtevant has raised four issues in this appeal, and unless there are other questions, I intend to limit my presentation to argument one in the brief, where Mr Sturtevant urges that his conviction must be reversed because the so called homemade knife, dirt or data was not a weapon as defined by the contraband statute. Mr Sturtevant asks your honors to reverse his conviction. The in the prison, namely a homemade knife, dirt or dad, knife, dirt and dagger defined as contraband weapons in the unlawful possession of contraband in a penal institution statute. The problem here is that the item seized from Mr Sturtevant does not possess the physical characteristics of a knife, dirt or dagger, and thus cannot be classified as a weapon in an item of contraband for purposes of the statute. The item here is a part of the record here on appeal is a five inch plastic toothbrush filed to a point with a plastic fork was wrapped around the bottom of the toothbrush with a piece of string. It's filed to a point, a sharp point. Is there testimony? Then what was that for? Why did the defendant have that? Yes, Your Honor. He made a statement after the weapon was the instrument was found. He said that he had it for protection against guards and other inmates. It's a weapon, right? You're right. Well, an item, an instrument. The weapon is a very indefinite term is set out in the contraband statute. A weapon is a knife, dirt or dagger. Then the question, what is that? This is not a weapon. What do you call? Well, I mean, it could be used as a the framework and mechanisms of the statute. It is unlawful to possess that. I'm not claiming that inmates should be allowed to carry that. And I'm not saying that I've said that the weapons definition statute has a provision. The offense would be charged as any other dangerous weapon or instrument of life character. In other words, it's like a dagger. It's like a knife, but it's not. It's not one of those. Why? And that's the crucial point in this in this appeal here. A dagger, a knife is a separate is a, um, an instrument cutting instrument with a sharp edge blade. Okay, now the dagger, a dagger. Okay, correct. Now a dagger, a dagger. That's all. Obviously it has a point of tip and daggers have pointed tips. But the mere fact that an instrument has a pointed tip does not make it a dagger. Not all sharp tip items are daggers. A screwdriver, for instance, is not a dagger. Why is a screwdriver not a dagger? Why is this not a dagger? A dagger is a small sword like instrument with a sharp, flat edge blade with a pointed tip. This item does not have a flat blade. It's not a, it's not a dagger by definition. Now the statute does not define dagger. Below, uh, there was several definitions offered at the motion to dismiss the offense of dagger. And the common characteristic of distinguishing a dagger is a flat, sharp edged blade. This does not have. The catch-all provision of the statute, as I mentioned earlier, that, that includes items that any other dangerous weapon or light or an instrument of light character. That's how this defense should have been charged. And because it was not, as a matter of law, this item is not a weapon of contraband for purposes of the statute. I mean, it could be, I mean, it can be used as a dagger from the question about it, but under the, the mechanism of the statute or the framework of the statute, it does not meet the technical definition of dagger. And consequently it should have been charged as any other dangerous weapon or instrument of light character. And didn't the defendant himself characterize it as a weapon? I believe he did. I believe he did. Uh, you know, again, that's, you know, I mean, for purposes of the statute, whether the question, yes, for purposes of the statute, the question is whether it's a, a dagger defined by the statute. Uh, um, consider it says the statute does not define a dagger. You know, a common understanding of the term is, is, is how this should be interpreted, how this, how that it should be interpreted. And an ambiguity in the statute should be, uh, in the defendant's favor. So if you consider the definitions that were submitted, that the dagger has a blade, flat, sharp edge blade, and the, the ambiguity of whether this item is a dagger for purposes of the contraband statute, your honors, the conclusion should be that this item is not a dagger for purposes of the statute. File the toothbrush. Is that a weapon then? The toothbrush is a weapon? If you file it. If you file it, you mean like the edge, the sharpened edge? If you sharpen it to, if it's sharpened to an edge with a blade, it could be considered a blade. Is that a weapon then? If, well, if it had a sharp blade, arguably it would be, then it could be considered a knife or if it had a tip, perhaps a dagger. But the important question is, your honor, in this context is whether it's a dagger and a dagger by definition has a flat, sharp edge blade. Now you could file down perhaps the toothbrush to have some type of a sharp edge, flat blade, perhaps, then that would fit the definition of the dagger. And you're saying it's not file sharp? It's a tip. It's a tip, your honor. But not... How long, how long does it have to be before it's a blade? Well... A tip? I... An inch? The statute doesn't define that. No. May we see that? Right, sure. Yeah, I'd like to see what we're looking at here. So you're saying that flat, flattened portion up to a tip is not a blade? It's not a blade, your honor, correct. It's not a blade. Not, not, not, not a blade. Not a blade. And again, ambiguity, doubt, the statute should be, it should be construed in the favor of the, of the defendant. Again, the question here is whether that item is a dagger. And a dagger is by definition, of course, a flat-edged, sharpened blade. A blade with a sharp edge. So considering all that, your honor, I ask your honors to find that this item is not a dagger for purposes of the statute. On some other definitions, perhaps it could be a dagger. It could, obviously, be used as a weapon. But for purposes of the statute, the mechanism set up in the statute, with the language that allows for offenses to be charged as any other weapon or instrument of life character, this item is not a dagger for purposes of the statute. Thank you, your honors. Thank you. Mr. O'Neill. So your honors have had a chance to look at that. It's a prison-issue toothbrush, flanked by a couple of sporks, filed down to the point, with a cloth handle wrapped around it. The record shows that the defendant handed it over to one of the correctional officers and basically admitted that he was going to use it against inmates and or other correctional officers. So from that standpoint, there's not really a question from the defendant's perspective what it's for. I understand Mr. O'Neill's argument, though, is that it doesn't legally constitute a dagger, and therefore that would be, would be characterized as the state's charge in state defense or to move into defendant's argument three, that the state could not prove that the defendant possessed an item of contraband as defined by statute. Are your honors done? Yeah, and you can see that the weapon seized, this, is not the type described in the statute. Well, it's… Not the type of weapon. Not defined in the way the other statute, other than our characterization of it as a dagger. Okay. Now, Mr. O'Neill has used dictionary definitions of daggers. There are some counter-definitions provided by the state below. I'll get to that in just one moment, but I want to go back a little bit here and sort of, I think, define the issue that I think the court has to consider. There is some discussion below with the circuit court judge, and there is some discussion here about whether or not it's not a dagger that it falls under what we call a catch-all provision, that it's something that helps. It's the state's position that that catch-all provision would not apply, because the catch-all provision, if you read the statute, I'll just read the statute quickly out loud. A weapon is defined under the contraband statute as a knife, dagger, dergability, razor, stiletto, broken bottle, or other glass, which could be a dangerous weapon, period. Such term, which I would interpret to mean referring back to weapon, includes devices or implements designed in subsections A1, A3, and A6 of section 24-1, which is the unlawful use of weapon statute, or any other dangerous weapon or instrument of like character. The defendant's counsel below and the appellate court in, I believe, the second and fourth district in Giselle, I believe, correctly interpreted that statutory language and what we're calling the catch-all provision of any other dangerous weapon or instrument of like character as a modification of those weapons that were defined in the UUW statute. Not this. No. No. And I'm going to talk about that in one second. Okay. The – so I think that the state's position is this. It's either a dagger or it's nothing, because it's not going to fall under a catch-all provision, okay? Because the way – at least the way the statute's read grammatically, whether that's a legislative intent in their hearts, I don't know, but as a matter of grammar, as a matter of general principles of statutory construction, the modification – the language of other dangerous weapon or instrument of like character modifies those provisions of the UUW statute. It does not refer back to knife, dagger, dirt, billy, razor, et cetera. The defendant referred to it as a weapon, right? Correct. Correct. But I would hasten to not put too much stock in that. Okay. I think we can all agree that that's what he thought it was, but we're looking really at a strictly legal question of whether or not it constitutes a dagger under the code. Now, then the question is, is it a dagger as we would define it legally? The defendant's construction of the statute is – sort of follows thusly. A knife is a – has a blade, a sharpened blade. A dagger is a species of knife with a sharpened blade, and a dirt is another species of knife. And in other words, everything has to have a sharpened blade. Well, so in that sense, I suppose knife encompasses everything, and there's not really much point in putting dagger in the statute at the end. But I think we also have to take a look at this. There is a principle of statutory construction. I want to step away a little bit from – rely too much on Merriam-Webster or any of these dictionaries. Statutes are to be construed in a way that's most beneficial to the language it permits, to prevent a hardship or injustice, and to impose prejudice against public interest. So in that sense of it, then, I think I would draw this Court's attention to the way the term dagger has been utilized by other courts of jurisdiction. And it's not been a focus upon whether there's a blade. In other words, that – I mean, defendants aren't going to be getting online at the DOC and ordering stuff off Soldier of Fortune and having it shipped there, okay? This is items of contraband in the Department of Corrections. So in that sense, the courts of other jurisdictions have looked at dagger and have said that really the character of the dagger is whether it's a short-item instrumentality weapon whose primary functionality is to staff someone. And I think that that is – if we're going to talk about the fact that this is not defined in the code and we have to use popularly understood definitions or understandings of what something is, I think that a popularly understood definition of dagger wouldn't be to decide whether or not you can slice a loaf of bread with it or whether you can take it and stick it in someone's craw and cause some serious damage, which is obviously what the defendant had in mind in this case. Now, I want to talk about the pen. I cite a case called State v. Payne, which is a Missouri appellate court decision, and it discusses an earlier Missouri appellate court decision which had described dagger as essentially a weapon used for staffing. What had happened in Payne was that the victim was stabbed with something, and the state was not able to prove exactly what it is that the victim was stabbed with.  And the Payne court, while accepting the notion that had been put forth earlier that the dagger is something that's used as an instrument for stabbing, hastens to add that it has to be something made for that particular purpose. In other words, a pen would not be a dagger in the sense that a pen would be a pen. Can you use a pen to stab someone? Yes. The question is not that, though. The question is whether or not the state can prove that the instrumentality initially has as its character, function, purpose, its identifying characteristics as something that's made or used or intended to be used to stab someone as a dagger instrument. Okay? So that can be taken. I say the state didn't make any motion to the judge to do a demonstrative use of the whatever. No, no, no. To see what it would really do. No. Well, I mean, I think Judge Gatineau took a look at it and kind of understood that, yeah, this is a shank. Did he take it out? Did he touch it? I don't know. I believe it's been sealed from the get-go. Okay. I don't want to touch it. But that's it. Yeah. I don't know if it was ever used for that purpose or not before. So I think in that sense, Your Honor, I think it becomes really a jury question or a question for the trier of fact, whether or not it qualifies as a popularly understood concept of a dagger instrument. And that's something that Judge Campanella recognized and found in the state's favor. And I believe that that ruling was correct both factually and legally. So I think that the principal argument I'm making here is not to start obsessing over parsing items into, is there a sharp blade? Is there a glint in the sun? Can I use it to butter my toast? These are not things. I think the question is a bit broader than that, but also very specifically attuned to what it is that the state is alleging this thing is being used as an item of contraband for. So I will submit, Your Honor, that the court's ruling was correct and the state had proven the unreasonable doubt that the defendant was in possession of an item of contraband being a dagger. I am about out of time. I will go ahead and rest on my brief for the remainder of my hour. So unless this court has any specific questions for me, I'll be happy to answer them. Thank you for your time. Thank you. Your Honor, first off, regarding the catch-all provision in the statute, Mr. Daly is correct that the question ultimately here is whether this way of charge was presented below. The question here is whether this is a dagger. The argument, the point regarding the catch-all provision, it's, I submit that in order, one, because it shows that Judge Cappanella had a problem with this item being a dagger, as he suggested to the prosecutor to consider charging this offense under one of the catch-all, other than the catch-all provision. But it also shows, Your Honors, that this item is not, I'm claiming that it's not a dagger, knife, or dirt, but there's still, it's important to note that it's still an office of possession, but the proper means of charging it is under this catch-all provision. And I disagree with Mr. Daly's interpretation of that, of the language, any other dangerous instrument or instrument of like character. I submit to Your Honors that that is included there. First of all, the statute defines what is a weapon. This is what this means. And then it goes on to describe it's a knife or a dagger or dirt and some other items. And then it indicates that certain items in the unlawful use of weapons statute is included in this weapons definition. And then if it's not one of the specific items listed here or one of the specific items listed in the paragraphs of the unlawful use of weapons statute, then it could still be a weapon by charging it as any other dangerous weapon or instrument of like character, but that has to be charged in a manner in which it could be a dangerous weapon, in a manner in which it could be used. Second, Mr. Daly, since we're talking about what would be superfluous to have listed in the statute that knife, dirt, and dagger, since arguably my presentation is that the item here is a knife, the dagger is a knife, but with the pointed tip. But the point is that these items, knife, dirt, and dagger, are different instruments. A dagger is a knife perhaps from the standpoint that it has a blade and can cut, but it's distinguishable from a knife because it has a pointed tip. So these are individual instruments. A knife, dirt, and dagger are all individual, so the statute listing those is not superfluous to include these three separate items. Mr. Daly mentioned the pain case, and in my reply brief on page two, I discussed the pain case, and I quote the corridor saying, knowing that dirts and daggers were originally used in dueling and required blades to be locked into place to be effective. So blades, in many of these cases that are presented in Mr. Daly's brief and then in my reply brief, I believe the pain case indicates that daggers do possess blades, a blade. A blade is a, a dagger is by definition includes having a blade. I agree with Mr. Daly that there could be some unreasonable, almost absurd parsing of terms here. What is a short sword? Is that one of the definitions of a dagger? I agree with that, but the important point here is what is the common understanding of a dagger? And that this, the common understanding of dagger, I submit to your honors, includes a flat-edged sharp blade with a pointed tip. I believe that's the common understanding of the term, and again, rely on the fact that any ambiguity in this should be resolved in favor of the defendant. Are there any other questions, your honors? That's all I have. Thank you. Thank you very much. See you tomorrow.